# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| BRAHEEN WHITFIELD, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. CV416-170<br>CR405-334 |

## REPORT AND RECOMMENDATION

Having pled guilty to possession of a firearm by a convicted felon and sentenced as an armed career criminal under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA"), (doc. 44 (plea agreement),[1] doc. 45 (judgment) (entered April 13, 2006)), Braheen Whitfield moves under 28 U.S.C. § 2255 for resentencing without the career criminal enhancement. Doc. 57. Review of the parties' briefing shows that his motion must be denied.

After the Court sentenced him to 262 months' imprisonment, Whitfield appealed. Doc. 46. The Eleventh Circuit affirmed his

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

conviction and sentence, entering its judgment on December 28, 2006. His conviction thus became final on March 28, 2007. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); S. Ct. R. 13.1 (*certiorari* petitions must be filed no later than 90 days after entry of judgment in a direct appeal). Whitfield filed the instant § 2255 motion over nine years later. Doc. 57 at 2 (signature-filed June 20, 2016). In it he argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), voids his ACCA enhancement. Doc. 57. He premises his motion's timeliness on *Johnson* retroactively applying to his case. *See id.* at 12; 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (*Johnson* is a new substantive rule and thus applies retroactively to cases on collateral review).

The ACCA -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense,

2

or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557. It said nothing about ACCA enhancements predicated on convictions for "violent felonies" classed as such under ACCA provisions other than the residual clause. *See, e.g., id.* at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony. . . ."). Enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause[2] of the ACCA rather than the "residual" clause survive *Johnson*).

*Johnson* provides Whitfield no succor here. He qualified for an ACCA enhancement because of three prior convictions under Pennsylvania's aggravated assault statute for punching employees of

---

[2] That provision defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

3

Southwest Secure Treatment Center (SSTC) (Whitfield spent considerable time there on several occasions, *see* Presentence Investigation Report (PSR) ¶¶ 35-37). PSR ¶¶ 25. 35-37; docs. 60-1, 60-2, 60-3. That provision criminalizes "attempts to cause or intentionally or knowingly cause[] bodily injury to any [officer]," defined to include employees of places like SSTC, "in the performance of duty." Pa. Cons. Stat. § 2702(a)(3). "Bodily injury," in turn, is defined as "[i]mpairment of physical condition or substantial pain," 18 Pa. Cons. Stat. § 2301, which means something more than "temporary hurts resulting from trivial contacts which are a customary part of modern day living." *Commonwealth v. Kirkwood*, 520 A.2d 451 (Pa. Super. Ct. 1987) (reversing conviction for assault when injuries were "bruises and slight cuts on . . . arms," caused by "defendant's uninvited attentions and violent dancing"; holding that "[t]emporary aches and pains . . . are an inadequate basis for imposing criminal liability").

Put differently, aggravated assault under § 2702(a)(3) requires the use or attempted use of violent physical force. That means convictions under that provision continue to qualify as violent felonies under ACCA's

elements clause, which, as noted above, remains valid post-*Johnson*. *See Tinker*, 618 F. App'x at 637. Third Circuit cases confirm that conclusion. *See United States v. Pitts*, 2016 WL 3743183 at * 3 (3d Cir. Jul. 13, 2016) (post-*Johnson*, convictions under Pa. Cons. Stat. § 2702(a)(2), requiring that defendant "attempt[] to cause or intentionally, knowingly, or recklessly cause[] serious bodily injury to . . . [an] officer . . . while in the performance of duty," still qualify under the elements clause of the Sentencing Guidelines's similar "crime of violence" definition); *United States v. Gorny*, 2016 WL 3689063 * 4 (3d Cir. Jul. 12, 2016) (post-*Johnson*, convictions for aggravated assault under Pa. Cons. Stat. § 2702(a)(4), requiring that defendant "attempt[] to cause or intentionally or knowingly cause[] bodily injury to another with a deadly weapon," still qualify as a crime of violence under the Guidelines' elements clause); *United States v. Terry*, 2015 WL 4255527 at * 2 n. 6 (W.D. Pa. Jul. 14, 2015) (post-*Johnson*, convictions under Pennsylvania's aggravated-assault statute still qualify as "violent felony" under the elements clause of the ACCA's definition).

It follows that Whitfield cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (March 28, 2007). Time expired on March 28, 2008, so his motion is untimely by over eight years (he did not signature-file it until June 20, 2016, doc. 57 at 13).[3]

Accordingly, Braheen Whitfield's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

---

[3] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail*, 2016 WL 1658594 at * 4 (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Whitfield invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.

Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED,** this  22nd   day of August, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA